JOEL I. RACHMIEL, ESQ.
NJ Atty ID No. 04671973
46 Broom Drive
Florham Park, NJ 07932
(973) 449-7349
Attorney for Plaintiff

| | | |
|---|---|---|
| RONALD RICKETTS, | * | SUPERIOR COURT OF NEW JERSEY |
| | * | LAW DIVISION : ESSEX COUNTY |
| Plaintiff, | * | DOCKET NO. ESX-L- |
| | * | |
| vs. | * | Civil Action |
| | * | |
| OFFICER SAMUEL C. GONZALEZ, SGT. MIGUEL SILVA, CITY OF NEWARK, AND JOHN DOE (Fictitious Name), | * | COMPLAINT AND JURY DEMAND |
| Defendants. | * | |

Plaintiff Ronald Ricketts, residing at 187 Dewey Street, Newark, NJ, by way of Complaint against defendants, alleges and says:

## FIRST COUNT

1. At all times mentioned herein, the City of Newark Police Department was a duly authorized law enforcement agency established under the laws of the State of New Jersey.

2. At all times mentioned herein, defendants Officer Samuel C. Gonzalez, Sgt. Miguel Silva, and John Doe (Fictitious Name) were the employees, agents, or servants of the City of Newark Police Department and were at all times acting in the course of that employment.

3. On or about July 13, 2022, plaintiff did lawfully park his properly registered motor vehicle at or about 191 Dewey Street in the City of Newark.

4. On that same date aforesaid, with neither a warrant nor consent to do so, defendants did unlawfully seize plaintiff's motor vehicle at its lawful parking spot and did unlawfully tow it to the Fifth Precinct of the Newark Police Dept. located at 480 Clinton Ave, for what they purported to be "investigation."

5. The conduct of defendants aforesaid was undertaken willfully, maliciously, and without legal justification, thereby depriving plaintiff of his right to be free from the unreasonable and unlawful seizure and confiscation of his personal property and to the Equal Protection and Due Process of Law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, the laws of the United States including but not limited to 42 U.S.C. 1983, and the Constitution and laws of the State of New Jersey including but not limited to NJSA 10:6-2.

6. All of the acts of defendants were undertaken in a willful and malicious manner with an immoral purpose and to unjustly enrich the defendants and to injure the reputation, standing, and integrity of plaintiff, to his detriment, and defendants are therefore liable to plaintiff for punitive damages in addition to compensatory damages.

7. As a direct and proximate result of the actions of defendants, and particularly of their willful, intentional, false, malicious, reckless, or grossly negligent actions in unlawfully towing and confiscating his motor vehicle, plaintiff was greatly humiliated and disgraced, suffered great mental anguish, suffered damage to his reputation and standing in the community, and has otherwise been damaged and injured in diverse other manners to his great detriment.

WHEREFORE, plaintiff demands judgment for damages against defendants, both compensatory and punitive, together with reasonable attorney's fees, lawful interest and costs of suit.

## SECOND COUNT

1. Plaintiff repeats all the allegations contained in the First Count of the Complaint as though set forth fully at length.

2. Despite plaintiff's repeated demands for the return of his unlawfully seized vehicle, defendants continued to retain sole possession and control over plaintiff's motor vehicle until they authorized its release to plaintiff on or about July 18, 2022.

3. To add insult to injury, in order to secure the release and return of his unlawfully seized motor vehicle, plaintiff was required to pay Dente Bros. Towing, Inc. the sum of $494.86 in towing and storage fees.

WHEREFORE, plaintiff demands judgment for damages against defendants in the amount of $494.86, together with reasonable attorney's fees, lawful interest and costs of suit.

## THIRD COUNT

1. Plaintiff repeats all the allegations contained in the First and Second Counts of the Complaint as though set forth fully at length.

2. At the time defendants unlawfully seized and towed plaintiff's lawfully parked motor vehicle, it contained the sum of $3,214 in cash money.

3. When defendants authorized the release and return of plaintiff's motor vehicle to him, defendants returned to him $1,214 in cash they had unlawfully seized from within his vehicle.

4. Plaintiff has demanded that defendants return the remaining $2,000 of his unlawfully seized cash money, but defendants refuse to do so.

5. All of the acts of defendants in unlawfully seizing and refusing to return $2,000 in cash money lawfully owned and possessed by plaintiff were undertaken in a willful and malicious manner with an immoral purpose and to unjustly enrich defendants and to financially injure plaintiff to his detriment, and defendants are therefore liable to plaintiff for punitive damages in addition to compensatory damages.

WHEREFORE, plaintiff demands judgment for damages, both compensatory and punitive, against defendants in the compensatory amount of $2,000, together with additional punitive damages, reasonable attorney's fees, lawful interest and costs of suit.

## FOURTH COUNT

1. Plaintiff repeats all the allegations contained in the First, Second, and Third Counts of the Complaint as though set forth fully at length.

2. At all times mentioned herein, the City of Newark was the employer of the individual defendants who were at all times acting as its agents, servants and employees.

3. The City of Newark failed to use reasonable care in the selection of its employees, agents and servants, failed to properly train and supervise defendants, and failed to provide appropriate safeguards to prevent the unlawful conduct described above resulting in the violation of plaintiff's civil rights.

4. The City of Newark acted under color of law pursuant to its official policy or custom and practice and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control and discipline on a continuing basis defendants in the performance of their duties and otherwise failed to refrain defendants from the unlawful conduct described above resulting in the violation of plaintiff's civil rights.

5. The City of Newark had knowledge of or had it diligently exercised its duties to instruct, supervise, control and discipline defendants on a continuing basis should have had knowledge of the wrongs that were done as alleged and intentionally, knowingly, or with deliberate indifference to the rights of plaintiff failed or refused to prevent their commission.

6. The City of Newark directly or indirectly and under color of law thereby approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of defendants.

WHEREFORE, plaintiff demands judgment against defendant City of Newark for both compensatory and punitive damages, together with reasonable attorney's fees, lawful interest and costs of suit.

/s/ Joel I. Rachmiel
JOEL I. RACHMIEL
Attorney for Plaintiff

Dated : August 4, 2022